The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 22 September 1989.
4. Continental Insurance Company was the compensation carrier on the risk.
5. Plaintiff's average weekly wage was $252.00, yielding a compensation rate of $168.01.
6. Industrial Commission Forms 18; 19; 21; 26, dated 2 June 1992; 26, which was undated; 28, dated 12 April 1990; 28 dated 31 January 1991; 28, dated 5 September 1991; 33 and 33R are stipulated into evidence.
7. Medical records concerning plaintiff from Triangle Spine Back Care Center; Dr. Elizabeth Hanof; Raleigh Community Hospital; Dr. Timothy Garner; Dr. Dennis Bullard; Dr. Kapil Rawal and Dr. David Fajgenbaum are stipulated into evidence.
8. As a result of her compensable injury on 22 September 1989, plaintiff was paid compensation from 23 September 1989 through 25 September 1989; 6 October 1989 through 21 January 1991; 21 June 1991 through 23 June 1991; 26 July 1991 through 2 August 1991; 28 August 1991 through 5 September 1991; 26 February 1992 through 6 March 1992, and 22 July 1992 through the present time.
9. A letter from Dr. Fajgenbaum to counsel for the defendants dated 3 May 1993 is stipulated into evidence.
10. The medical records concerning plaintiff from Dr. Fajgenbaum from 22 July 1992 through 15 March 1993, marked as Stipulated Documents 1, are stipulated into evidence.
11. Raleigh Community Hospital Employee Performance Feedback, collectively marked as Stipulated Documents 2, are stipulated into evidence.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was born 24 September 1929 and has a ninth grade education.
2. On 22 September 1989 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she sustained an injury to her back. At that time plaintiff was employed by defendant-employer as a housekeeper.
3. Beginning in October of 1989 plaintiff was treated conservatively by Dr. David Fajgenbaum, an orthopedic surgeon. Subsequently, in November of 1989, plaintiff had surgery consisting of a lumbar laminectomy and discectomy.
4. Following the first surgery, plaintiff began to have leg pain in January of 1990. Thereafter, following a lumbar myelogram, surgical re-exploration was performed at the L5-S1 level.
5. Plaintiff was released to return to work in March of 1990 with restrictions prohibiting lifting over 30 pounds, prolonged climbing and crawling. Plaintiff returned to work on 2 April 1990.
6. On 7 June 1990 Dr. Fajgenbaum performed a laminectomy and fusion with placement of Steffe plates, L5 to the sacrum. Subsequently, plaintiff returned to work on 21 January 1991 in the position of Quality Control Clerk.
7. In June and July of 1991 plaintiff had increased pain resulting in her inability to work. Thereafter, plaintiff returned to work on 5 September 1991.
8. On 10 September 1991 plaintiff had left arm numbness and neck pain; however, these symptoms were unrelated to plaintiff's compensable injury on 22 September 1989.
9. Subsequently, as the result of her complaints of increasing back pain, plaintiff had a myelogram on 26 February 1992. At that time plaintiff had no change in her condition.
10. Plaintiff was then able to return to work ten days after her myelogram on 26 February 1992. The parties entered into Industrial Commission Form 26, and plaintiff was paid for her additional temporary total disability. Thereafter, plaintiff did not return to work following 7 March 1992.
11. On 22 July 1992, the metal hardware which had been placed in plaintiff's back for a fusion was surgically removed.
12. Twelve weeks after the hardware removal surgery on 22 July 1992, plaintiff was capable of returning to work at the Quality Control Clerk position. However, the Quality Control Clerk position which defendants offered plaintiff, was a new position which was created for plaintiff upon her previous return to work on 21 January 1991. There is insufficient evidence of record from which to determine by its greater weight that the newly created job position had not been so modified to fit plaintiff's limitations that it was ordinarily available in the competitive job market.
13. Following plaintiff's release to work by Dr. Fajgenbaum on 16 December 1992, plaintiff refused to return to work as the Quality Control Clerk. Since the Quality Control Clerk position was a new position which was created for plaintiff upon her return to work, no other employee had held this position, and ordinarily the duties were included in other jobs, plaintiff's refusal to return to work in that position was justified.
14. As a result of her injury by accident on 22 September 1989 and resulting surgeries, plaintiff has a thirty percent permanent partial disability to her back.
15. As the result of her compensable injury on 22 September 1989 plaintiff was paid compensation from 23 September 1989 through 25 September 1989; 6 October 1989 through 21 January 1991; 21 June 1991 through 23 June 1991; 26 July 1991 through 2 August 1991; 28 August 1991 through 5 September 1991; 26 February 1992 through 6 March 1992 and 22 July 1992 through the present time.
************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since the parties herein have entered into form agreements, the presumption exists that plaintiff's disability is ongoing. Watkins v. Central Motor Lines, Inc., 279 N.C. 132,181 S.E.2d 588 (1971). The defendants have not carried their burden rebutting this presumption. Dalton v. Anvil Knitwear, 119 N.C. App. 275, 458 S.E.2d 251, disc. rev. denied and cert. denied.341 N.C. 647, 462 S.E.2d 507 (1995). Since there is insufficient evidence "that the quality control clerk position is an accurate measure of plaintiff's ability to earn wages in the competitive market," plaintiff was justified in refusing to accept this position. Saums v. Raleigh Community Hospital, ___ N.C. ___, ___ S.E.2d ___ (1997).
2. Therefore, as a result of plaintiff's compensable injury on 22 September 1989, plaintiff is entitled to temporary total disability compensation at the weekly rate of $168.01, from 22 July 1992 and continuing until plaintiff returns to work or defendants obtain permission from the Industrial Commission to cease payment of temporary total disability compensation, whichever first occurs. Defendants, however, are entitled to a credit for the amount of compensation paid to plaintiff following 22 July 1992. N.C. Gen. Stat. § 97-29; N.C. Gen. Stat. § 97-32;See Peoples v. Cone Mills Corp., 316 N.C. 426, 342 S.E.2d 798
(1986).
3. As a result of plaintiff's compensable injury on 22 September 1989, plaintiff is entitled to all medical, surgical, hospital, nursing services, medicine, sick travel, rehabilitation services and other treatments as may reasonably be required to effect a cure or give relief and for such additional time as would tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the rate of $168.01 per week, beginning 2 July 1992 and continuing until plaintiff returns to work or defendants obtain permission from the Industrial Commission to cease payment of temporary total disability compensation, whichever first occurs. Defendants, however, are entitled to a credit for the amount of compensation paid to plaintiff following 22 July 1992. Amounts which have accrued, if any, minus the credit, shall be paid in a lump sum, subject to the attorney fee approved in Paragraph 3.
2. Defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff due to her compensable injury on 22 September 1989, when such bills have been submitted pursuant to the approved Industrial Commission procedure.
3. A reasonable attorney fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff under Paragraph 1 of this AWARD shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the temporary total disability compensation due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
This is the 7th of October 1997.
 S/ ____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN JR. CHAIRMAN
S/ ____________ THOMAS J. BOLCH COMMISSIONER